## GRANSON MOSBY V. CLEVELAND STREET RAILWAY CO.

SETTLEMENT WITH AN IGNORANT MAN NOT TO BE AVOIDED SIMPLY BECAUSE HIS ATTORNEY WAS NOT PRESENT.

An ignorant man, merely because he has not an attorney when he makes a contract (which in the case at bar, was with a street railway company for injuries) and because he can neither read nor write, no advantage being taken of him in any way, cannot avoid his contract.

APPEAL from the Court of Common Pleas of Cuyahoga county.

CALDWELL, J.

The plaintiff in this case, Granson Mosby, was engaged in trucking for a corporation.

The plaintiff in this case, Granson Mosby, was engaged in trucking about the city; he had a horse and a wagon and did trucking around the city, hauling ashes and anything he could find to do; he was upon the track one day, and a motor of the defendant railway company came in contact with his wagon and broke it up considerably, and injured his horse so that it died, and he was thrown to the pavement and pretty seriously hurt; he was taken to the hospital and treated by the physicians of the Cleveland Street Railway Company. After he had been there over a month and was somewhat improving, the agent of the street railway company went to see him, and between them they began to talk about a settlement of the claim—Mosby had then brought his suit. This talk resulted in a proposition on his part, and not exactly a proposition on the part of the agent but a suggestion of what he would try to get the railroad company to do, which was a settlement of $500.00. A day or two after that, the agent appeared at the hospital again, and the arrangement was completed, the writings properly drawn and receipted, and the paper signed which authorized the railway company to have the case dismissed in the common pleas court, which has been done.

This action was then brought. Mosby, it seems, was afterwards dissatisfied in regard to the settlement he had made, and this action was brought to set aside the dismissal of that case and to set aside the settlement. The money was not tendered back, nor paid back. Perhaps that would not make much difference. Now, there is no evidence that the railway company in any way acted fraudulently in making this contract with Mosby, nor is there evidence that it took any undue advantage of him. There is something said about his condition. But the evidence does not show that his condition was such but that he could make a contract at that time. And there is considerable said about his attorneys not knowing about it. There is some evidence going to show that Mosby did not want his attorneys to know it, and the court is very well aware, just as all attorneys are, that a client sometimes does not care to have them know that he is acting in his own behalf, and his attorneys say this was the case here; it is evident in this case that their client was not going to share with his attorneys; there is something in that; very likely there was; anyway it is said that Mosby was a colored man who could neither read nor write, and was very ignorant of the methods or

proceedings of this kind, and it was undue advantage to settle with him in the absence of his attorneys and without their knowledge.

That is really the only claim that is made here; but it would seem to us a bad precedent to establish, that an ignorant man, merely because he has not an attorney when he makes a contract, and because he can neither read nor write, and no advantage taken of him in any way or manner, may avoid his contract—it seems to us it would be a bad precedent to hold that in a case of that kind the contract should be set aside. It would lead to quite an upheaval of contract relations. It is too radical a ground to take. We can not do it.

We do not know anything about the circumstances—whether Mosby could ever have recovered a cent or not; but it would seem that if he had a clear case against the railway company, he had settled for a pretty small amount according to the way those things usually go. But Mosby knew the circumstances. The agent talked over with him how this accident occurred, who was to blame, and whether he could recover or not. And it would seem to us from the talk that took place there between him and the agent that the agent did not mislead him at all, did not undertake to palm off on him any theory that it was entirely certain that he might recover or might not; that there would be a conflict in the evidence.

We can not say that there was any such advantage taken of him in his settlement that would lead to his being allowed to withdraw from his contract.

We allow a judgment in favor of the defendant, and the petition of the plaintiff is dismissed.

*Hessenmueller & Bemis*, for plaintiff,

*Squire, Sanders & Dempsey*, for defendant.